JORGE BARTOLOMEI CAMACHO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, FRANCISCO ESPINOSA ROBLEDO, JUDGE, Respondent; INTERNATIONAL BASIC ECONOMY CORP., Intervener.

No. O-67-161.     Decided February 9, 1970.

*Peñagarícano & Lloveras* for petitioner. *Fiddler, González & Rodríguez* and *Federico Tilén* for intervener.

Mr. Justice Pérez Pimentel delivered the opinion of the Court.

We issued a writ of certiorari to review the order entered by the Superior Court, San Juan Part, on February 14, 1967, by virtue of which a motion to dismiss the complaint, without prejudice, was granted.

The action brought issues from the provisions of § 1483 of our Civil Code.

Said section provides:

"The contractor of a building which may have been destroyed by reason of defects in the construction shall be liable for the losses and damages if said building should collapse within ten years, to be counted from the completion of the construction; and during the same time the same liability shall be incurred by the architect who may have directed the work if the collapse is due to defects in the ground or in the direction.

"If the cause should be the noncompliance of the contractor with the conditions of the contract, the action for indemnity may be brought within fifteen years."

In the complaint in this case it is alleged that plaintiff is the owner of a property constructed by defendant. Neither the date of the construction nor the date of the acquisition of the property by plaintiff are alleged therein. The defects in the construction existing in the property as well as the dam-

ages sustained by plaintiff as a result of said defects are alleged later.

■ For the contractor to be liable it is necessary that the collapse due to defects in the construction should take place within ten years, to be counted from the completion of the construction, except when the cause is the noncompliance of the contractor with the conditions of the contract. So that the owner of the property does not have a cause of action against the contractor if the collapse due to defects in the construction does not occur within the decennial warranty period fixed by the above-mentioned § 1483 of the Civil Code. The owner's cause of action to claim damages to the contractor stems from the occurrence of the collapse within that period. If the complaint does not allege, as it happens in this case, that the collapse due to defects in the construction occurred within the ten years, counted from the completion of the construction, nor does it state the dates establishing that fact, one of the constituent elements of the cause of action is missing and the complaint, therefore, fails to set forth a claim which justifies the granting of a remedy.

■■ The legal period which the owner of the collapsed building may have to bring the action should not be confused with the decennial warranty period. The action may prescribe if they do not resort to court at the right time. The other term, the ten-year period, is one within which the collapse of the building due to construction defects should occur, for the contractor to be liable. If said term elapses without the collapse having occurred therein, the contractor's liability for construction defects ends because the legal warranty period had expired. See, *González* v. *Agostini*, 79 P.R.R. 481 (1956). For a cause of action to exist it should be alleged somehow, that the collapse due to construction defects has taken place within the 10 years, counted from the completion of the construction.

Since the complaint in this case may be subject to amendments, the order appealed from should be modified in the sense of granting plaintiff 10 days to amend it. Thus modified said order is affirmed and the case remanded for further proceedings.

Mr. Chief Justice Negrón Fernández did not participate herein.